**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 25-6269**

_____

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

TREADWAY LEVON MANNING, JR.,

        Defendant - Appellant.

_____

Appeal from the United States District Court for the District of South Carolina, at Florence. Cameron McGowan Currie, Senior District Judge.    (4:97-cr-00323-CMC-1; 4:22-cv-00270-CMC)

_____

Submitted:  May 22, 2025                                  Decided:  May 28, 2025

_____

Before KING, AGEE, and WYNN, Circuit Judges.

_____

Dismissed by unpublished per curiam opinion.

_____

Treadway Levon Manning, Jr., Appellant Pro Se.  Elizabeth Coble Major, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Treadway Levon Manning, Jr.*, seeks to appeal the district court's order denying relief on his 28 U.S.C. § 2255 motion. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

When the United States or its officer or agency is a party in a civil case, the notice of appeal must be filed no more than 60 days after the entry of the district court's final judgment or order, Fed. R. App. P. 4(a)(1)(B), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

The district court entered its order on November 13, 2024, and the appeal period expired on January 13, 2025. On March 17, 2025, Manning filed a document that we have liberally construed as a notice of appeal.* Because Manning failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss the appeal.

---

* For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date Manning could have delivered the notice to prison officials for mailing to the court. Fed. R. App. P. 4(c)(1); *Houston v. Lack*, 487 U.S. 266, 276 (1988). Although Manning's notice appears to reference Fed. R. App. P. 4(a)(5), we do not construe it as a motion to extend the appeal period, as it was filed outside the statutory time period for seeking such relief. *See* 28 U.S.C. § 2107(c) (permitting extension of appeal period "upon motion filed not later than 30 days after the expiration of the time otherwise set for bringing appeal"); *see also* Fed. R. App. P. 4(a)(5) (giving effect to § 2107(c)); *Hamer v. Neighborhood Hous. Servs. of Chicago*, 583 U.S. 17, 25-27 (2017) (explaining that statutory time limits under Rule 4(a) are jurisdictional).

2

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*